UNITED STATES DISTRICT COURT
OF THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
PETER HUNTER,

                              Plaintiff,                    **VERIFIED COMPLAINT**

          -against-
                                                           **Case No.:**
UNITED STATES POSTAL SERVICE &
RONALD J. DESER,


                              Defendants.
-------------------------------------------------------------------X

          Plaintiff, PETER HUNTER, by his attorneys, SOBO & SOBO, L.L.P., as and for

the Verified Complaint, herein allege the following:

### BASIS FOR JURISDICTION

Pursuant to 28 U.S.C. SECTION 1346 **(b)**, The United States district courts shall have

exclusive jurisdiction over all actions brought by or against the Postal Service for a tort
claim.

1.       That at all times hereinafter mentioned, the plaintiff was and still is a

resident of the County of ORANGE, State of New York and resides at 111 Academy

Avenue, Middletown NY, 10940.

2.       That at all times hereinafter mentioned, upon information and belief, the

defendant, UNITED STATES POSTAL SERVICE, was and still is a federal government

agency existing in the State of New York.

3.       That at all times hereinafter mentioned, upon information and belief, the

defendant, UNITED STATES POSTAL SERVICE, was and still maintains a facility

organized and existing at 40 Fulton Street, Middletown NY, 10940.

4. That at all times hereinafter mentioned, upon information and belief, the defendant, UNITED STATES POSTAL SERVICE, was and still is a business entity existing within the State of New York.

5. That at all times hereinafter mentioned, up information and belief, the defendant, UNITED STATES POSTAL SERVICE, was and still is a federal business entity doing business within the State of New York.

6. That at all times hereinafter mentioned, upon information and belief, the defendant, UNITED STATES POSTAL SERVICE, was the titled and registered owner of a 1988 Grumman motor vehicle, bearing an unknown License Plate number.

7. That at all times hereinafter mentioned, upon information and belief, the defendant, RONALD J. DESER, was the operator of the aforesaid 1988 Grumman`motor vehicle, bearing an unknown License Plate number.

8. That at all times herein mentioned, the defendant, RONALD J. DESER, was an employee of defendant, UNITED STATES POSTAL SERVICE.

9. That at all times herein mentioned, the defendant, RONALD J. DESER, was acting in the course and scope of his employment by defendant UNITED STATES POSTAL SERVICE, when defendant's vehicle contacted the plaintiff, PETER HUNTER'S vehicle.

10. That at all times hereinafter mentioned, this defendant, RONALD J. DESER, operated the aforementioned 1988 Grumman motor vehicle, in the course of his employment with defendant, UNITED STATES POSTAL SERVICE on or about the 2nd day of November, 2016, the aforementioned motor vehicles were in contact with each other.

11.    That at all times hereinafter mentioned, the plaintiff was the operator of a 2010 Toyota motor vehicle, bearing License Plate #AMN4333, owned by one, DEBORAH L. HUNTER.

12.    That at all times hereinafter mentioned, this plaintiff operated the aforementioned 2010 Toyota motor vehicle with the consent of aforesaid owner.

13.    That at all times hereinafter mentioned, 111 Academy Avenue located in the Middletown, County of ORANGE and State of New York, was and still is a public highway and thoroughfare and was the situs of the accident herein.

14.    That on or about the November 2, 2016, the aforementioned motor vehicles were in contact with each other.

15.    The contact and injuries alleged herein were caused by the negligent, wanton, reckless and careless acts of the defendants herein.

16.    That the defendants were negligent, wanton, reckless and careless in allowing, causing and/or permitting the motor vehicle owned and operated by said defendants herein to come into contact with the Plaintiff's motor vehicle; in failing to take those steps necessary to avoid the contingency which herein occurred; in breaching a duty to other motorists to operate the motor vehicle in a safe manner; in failing to keep the motor vehicle under proper control; in failing to operate the motor vehicle in a manner and at a speed that was reasonable and proper under the prevailing traffic conditions; in failing to properly keep and maintain the motor vehicle so as to prevent the contingency which herein occurred; in failing to properly operate the braking and acceleration devices of the motor vehicle under the circumstances of the roadway where the accident occurred; in failing to keep a proper lookout; in failing to stop and/or slow

down; in violating the rules of the road; in failing to obey one or more traffic control device(s); in failing to observe that degree of caution, prudence and care which was reasonable and proper under the controlling circumstances; in acting with reckless disregard for the safety of others; in failing to keep alert and attentive; in hiring, retention, training and its supervision of their employees; and under the theory of respondent superior and the defendants were in other ways negligent.

17.    That the defendants, and each of them, are liable to the Plaintiff upon the doctrine of res ipsa loquitur.

18.    That by reason of the foregoing, the plaintiff was caused to sustain severe and serious personal injuries to his mind and body, some of which, upon information and belief, are permanent with permanent effects of pain, disability, disfigurement and loss of body function. Further, this plaintiff was caused to expend and become obligated for diverse sums of money for the purpose of obtaining medical care and/or cure in an effort to alleviate the suffering and ills sustained as a result of this accident; this plaintiff further was caused to lose substantial periods of time from his normal vocation, and upon information and belief, may continue in that way into the future and suffer similar losses.

Furthermore, this plaintiff sustained a serious injury, as defined in the Insurance Law Section 5102(d) for the State of New York.

19.    That by reason of the foregoing, this plaintiff has been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

**WHEREFORE**, plaintiff demands judgment against the defendants, and each of them, as follows:

In the federal action against Defendants, UNITED STATES POSTAL SERVICE and RONALD J. DESER, seeking compensatory damages in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter, together with the costs and disbursements of this action.

DATED: _____, 2018
          Middletown, New York

                                        Funsho Ilori, ESQ.
                                        SOBO & SOBO, LLP
                                        Attorneys for Plaintiff
                                        One Dolson Avenue
                                        Middletown, NY  10940
                                        (845) 343-7626

## VERIFICATION

STATE OF NEW YORK, COUNTY OF ORANGE        ss:

PETER D. HUNTER, being duly sworn says; I am the plaintiff in the action herein; I have read the annexed Verified Complaint, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

X _____

PETER D. HUNTER

Sworn to before me on this
_____ day of May, 2018

_____
NOTARY PUBLIC

VERONICA M. WESLEY
Notary Public, State of New York
Qualified in Orange County
Registration No. 01WE6075427
Commission Expires June 3, 20___