MEMO ENDORSED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
PETER HUNTER,

                            Plaintiff,                  **TRIAL BRIEF IN SUPPORT**
                                                                   **OF PLAINTIFF'S**
                                                                   **MOTION IN LIMINE**

                      -v-

UNITED STATES OF AMERICA,                        7:l8-CV-07377-(KMK) (LMS)

                            Defendant.
-------------------------------------------------------------------X

## FACTS

      This action arose from a rear-end accident on November 2, 2016, involving Ronald Deser, an employee of the United States' Post Office and PLAINTIFF. Plaintiff alleges that the injuries suffered by PLAINTIFF were a proximate cause of Defendant's negligence. Plaintiff further alleges that Plaintiff sought emergent treatment with Garnet Health, formally known as, Orange Regional Medical Center on the day of the collision. Thereafter, Plaintiff sought conservative treatment with Dolson Avenue Medical in Middletown, New York. Since the date of loss, Plaintiff has actively treated with various physicians, outside of the treatment he received with Dolson Avenue Medical.

      Upon information at belief, Jeffrey Spina, a chiropractor at Dolson Avenue Medical, along with four co-defendants, were indicted on August 29, 2018 alleging health insurance fraud. On July 26, 2019, Jeffery Spina pleaded guilty to Conspiracy to Commit Heath Care Fraud, Health Care Fraud and Obstruction of a Federal Audit before Judge Kenneth Karas.

      The Defendant now seeks to call Jeffrey Spina in their case in chief at trial. If Jeffrey Spina is called to the stand, his testimony must not involve any criminal testimony as it is too prejudicial and improper as Jeffrey Spina has not been sentenced. Therefore, any testimony regarding his criminal guilty plea is not relevant to any issue in dispute and if the court finds that it is relevant, its probative value is outweighed by its prejudicial effect.

## ISSUE

      Whether testimony from Jeffrey Spina regarding his criminal court guilty plea and evidence of his Indictment are inadmissible?

## LAW

      All witnesses other than the criminal defendant, i.e., other defense witnesses and prosecution witnesses in criminal cases and all witnesses in civil actions, Rule 609(a)(1) provides for balancing under the standard of Rule 403. Thus, as to all witnesses other than the criminal

defendant, a felony conviction within 10 years is prima facie admissible to impeach, with the burden resting on the party opposing admission to show that probative value is substantially outweighed by considerations of unfair prejudice to the litigants, confusion, cumulativeness, and the like. *See U.S. v. Estrada*, 430 F.3d 606, 619–20, 68 Fed. R. Evid. Serv. 1089 (2d Cir. 2005), cert. denied, 126 S. Ct. 1637, 164 L. Ed. 2d 348 (2006).

The Advisory Committee's Note to the 1990 amendment of Rule 609 explains that unfair prejudice may occur as a result of the use of convictions to impeach witnesses other than an accused, as, for example, in the case of a defense witness who "bears a special relationship to the defendant such that the defendant is likely to suffer some spill-over effect." *Cf. U.S. v. Pedroza*, 750 F.2d 187, 203, *16 Fed. R. Evid. Serv*. 1150 (2d Cir. 1984) (in multi-defendant case in which a prior conviction is potentially admissible to impeach one defendant, the prejudicial effect on other defendants must be considered. Government witnesses and civil litigants might also be able to show substantial prejudice. *See, e.g., Stephen v. Hanley*, 79 Fed. R. Evid. Serv. 875 (E.D. N.Y. 2009) (in action against police for use of excessive force, court precluded impeachment of plaintiff with conviction that resulted from arrest at issue because jury might improperly infer that officers' use of force during arrest was reasonable).

However, the rule only allows witnesses who have been convicted of certain crimes. In United States practice, "a conviction means a finding of guilt (i.e., a jury verdict or finding of fact by the judge) and imposition of sentence." The conviction may be proved by a certified copy of the Judgment and Commitment Order or the equivalent state form. *See Department of Justice Criminal Resource Manual 609-Evidence of Conviction. See also United States Sentencing Commission/glossary* (The result of a criminal court proceeding which ends in a judgment that the defendant is guilty as charged.)

## ARGUMENT

Plaintiff submits that Rule 609 allows for admission of certain convictions for the purpose of impeachment. Since Jeffery Spina has not been sentenced, testimony regarding any criminal activity is inadmissible. If the court is not persuaded by Plaintiff's argument, Plaintiff submits in the alternative, any probative value of Jeffrey Spina's testimony regarding criminal activity is substantial outweighed by its prejudicial effect. Although Plaintiff and Jeffrey Spina are not codefendants, there is a special relationship that will negatively impact the Plaintiff. Mor importantly, it would confuse the issues as Jeffrey Spina's criminal matter is not before the court regarding the issue of whether Plaintiff sustained a serious injury. There is no evidence to support a claim that any criminal activity involves the handling of Plaintiff's records. It is speculative which creates substantial prejudice to the Plaintiff, who is an injured party and without fault.

## CONCLUSION

WHEREFORE, Plaintiff prays that this Honorable Court grant an order in limine barring all references to any alleged criminal activity.

Dated: March 29, 2021

    SOBO & SOBO, LLP
    Attorneys for Plaintiff

*Funsho Ilori*
By: FUNSHO ILORI, ESQ.
One Dolson Avenue
Middletown, NY 10940
Tel.: 845-343-7626
Cell: 845-394-2507/845-394-2511
Fax: 845-343-0929
Email: filori@sobolaw.com
       mwolff@sobolaw.com

Denied without prejudice as premature. It is more efficient to resolve trial-related issues closer to the trial date, particularly given Jeffrey Spina's sentence date of April 13, 2021.
4/5/21

SO ORDERED

KENNETH M. KARAS U.S.D.J.